■ NORMA K. LITTLE et al., Appellants, v CITY OF ALBANY, Respondent, et al., Defendant.—Kane, J. P. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered July 13, 1988 in Albany County, which granted defendant City of Albany's motion for summary judgment dismissing the complaint against it.

Plaintiffs commenced this action against, among others, defendant City of Albany for injuries allegedly sustained when plaintiff Norma K. Little fell on a city sidewalk. The complaint alleged that the city was negligent in both the construction and maintenance of the sidewalk. A subsequent bill of particulars identified the alleged negligent construction to be the city's failure to place reinforcement bars within the sidewalk. The city moved for summary judgment dismissing the complaint against it on the grounds that it did not receive prior written notice of any hazardous condition and that the sidewalk, constructed with six inches of concrete, did not require steel reinforcement rods. Plaintiffs' opposition to this motion included an affidavit from a licensed professional engineer who stated that failure to use reinforcement bars in

constructing the sidewalk was a deviation from good construction practices and resulted in advanced deterioration of the sidewalk.

Supreme Court granted the motion, holding, *inter alia,* that plaintiffs had failed to raise a triable issue of fact as to whether the city negligently constructed the sidewalk. Plaintiffs now appeal, directing their arguments solely to Supreme Court's decision granting summary judgment as it dismisses their negligent construction claim. Finding a triable issue of fact on this claim, we now reverse that part of the order.

As a preliminary matter, we do find that, contrary to plaintiffs' primary argument on appeal, the city has met its initial burden as the moving party of showing entitlement to summary judgment *(see,* CPLR 3212 [b]; *Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). Here, the city's engineering expert, having personal knowledge of the facts, stated that sidewalks constructed with six inches of concrete did not require the support and reinforcement of steel rods and that his own review of the city's records showed that the sidewalk at issue was constructed with six inches of concrete and "therefore, did not necessitate the placing of steel rods".

Likewise, however, we find that plaintiffs met their burden in opposing the motion *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Plaintiffs submitted the affidavit of a licensed professional engineer who personally inspected the sidewalk and identified the lack of reinforcement bars as resulting in advanced deterioration, the specific condition that plaintiffs claim caused their injuries. Contrary to Supreme Court's determination, we find that the affidavit does address the particular defect of the sidewalk at issue and has arguably created an issue of fact as to its negligent construction.

Order modified, on the law, without costs, by reversing so much as granted the motion for summary judgment dismissing plaintiffs' negligent construction claim; motion denied to that extent; and, as so modified, affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.